**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

ROY JOHNSON,

　　　　　Plaintiff - Appellant,

　v.

COUNTY OF MONTEREY,

　　　　　Defendant - Appellee.

No. 12-16247

D.C. No. 3:10-cv-04633-JSW

MEMORANDUM[*]

Appeal from the United States District Court
for the Northern District of California
Jeffrey S. White, District Judge, Presiding

Submitted August 14, 2013[**]

Before:　　SCHROEDER, GRABER, and PAEZ, Circuit Judges.

　　Roy Johnson appeals pro se from the district court's judgment dismissing his

42 U.S.C. § 1983 action alleging due process and other claims arising out of his

termination as a building inspector with an agency of the County of Monterey.  We

---

　　[*]　　This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

　　[**]　　The panel unanimously concludes this case is suitable for decision
without oral argument, and, therefore, denies Johnson's request for "an oral
pleading hearing," set forth in his opening brief.  *See* Fed. R. App. P. 34(a)(2).

have jurisdiction under 28 U.S.C. § 1291.  We review de novo a dismissal under 28 U.S.C. § 1915(e), *Barren v. Harrington*, 152 F.3d 1193, 1194 (9th Cir. 1998) (order), and we affirm.

The district court properly dismissed Johnson's due process claim because, despite several opportunities to amend, Johnson failed to allege that a County custom, policy, or practice was the moving force behind the alleged constitutional violation at issue.  *See Blair v. City of Pomona*, 223 F.3d 1074, 1079 (9th Cir. 2000) (listing elements of a § 1983 claim against a local governmental entity); *see also Monell v. Dep't of Social Servs.*, 436 U.S. 658, 691 (1978) ("Congress did not intend municipalities to be held liable unless action pursuant to official municipal policy of some nature caused a constitutional tort.").

The district court did not abuse its discretion in dismissing Johnson's due process claim with prejudice because Johnson failed to cure the defects identified by the court despite prior opportunities to amend and detailed instructions on what he needed to allege.  *See Chodos v. West Publ'g Co.*, 292 F.3d 992, 1003 (9th Cir. 2002) (setting forth standard of review and noting that discretion to deny leave to amend is particularly broad where the plaintiff has previously obtained such leave).

The district court did not abuse its discretion in denying Johnson's motion for reconsideration because Johnson failed to establish grounds for such relief.

*See Sch. Dist. No. 1J, Multnomah Cnty., Or., v. ACandS, Inc.*, 5 F.3d 1255, 1262-63 (9th Cir. 1993) (setting forth standard of review and factors for reconsideration under Fed. R. Civ. P. 59(e) and 60(b)).

Johnson's contentions regarding the evidence and documentation supporting his claims and the district court's allegedly improper cancellation of a hearing on defendant's motion to dismiss are unpersuasive.

We do not consider matters raised for the first time on appeal, such as the alleged involvement of "Official Policy Makers" on behalf of the County that allegedly transformed their conduct into "Official Policy" for purposes of a § 1983 claim. *See Padgett v. Wright*, 587 F.3d 983, 985 n.2 (9th Cir. 2009) (per curiam).

Johnson's request for an injunction, set forth in his opening brief, is denied.

**AFFIRMED.**